IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN ALLEN RIVARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 11-1046-GMS |
| | ) |
| KEITH ROY, Holder of the Key at | ) |
| Three Rivers Federal Prison Camp, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

**I. INTRODUCTION**

Presently before the court is a petition for an emergency writ of habeas corpus ("petition") filed by petitioner John Allen Rivard. (D.I. 1.) Rivard is a federal prisoner at the Three Rivers Federal Prison Camp in Texas, and he alleges that respondent "is a corporation for profit" unlawfully detaining him because "no criminal action in the State of Texas or in the United States of America has been commenced against [him] by the filing of an affidavit/complaint, or by a competent fact witness, alleging the necessary and essential facts sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in the first instance." *Id.* at 2. Rivard contends that this court can review the instant proceeding because it has jurisdiction over Delaware corporations operating in the State of Texas, and respondent is a corporation linked directly to corporations "incorporated either directly or indirectly in the State of Delaware." *Id.* at 2-3. Rivard asks that he be immediately discharged from prison. *Id.* at 4.

## II. DISCUSSION

Pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Court, 28 U.S.C. foll. § 2255, a district court may summarily dismiss a federal prisoner's habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Having reviewed the face of the instant petition, the court concludes that summary dismissal is appropriate in this case. To begin, a federal prisoner challenging the legality of his conviction or sentence must file a motion to vacate, correct, or modify a sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. *See* 28 U.S.C. § 2255(a); *Davis v. United States*, 417 U.S. 333, 343-44 (1974); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Rivard was not convicted or sentenced in the District of Delaware. Therefore, to the extent Rivard is seeking relief under 28 U.S.C. § 2255, this court does not have jurisdiction.

Alternatively, a federal prisoner challenging his physical custody and the manner in which his sentence is being executed must file a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004); *United States v. Jack*, 774 F.2d 605, 607 n.1 (3d Cir. 1985)(a habeas corpus petition pursuant to § 2241 is appropriate in the district of confinement). Three Rivers FCI is located in the Southern District of Texas. Consequently, to the extent Rivard is challenging his physical custody pursuant to 28 U.S.C. § 2241, this court does not have jurisdiction over the proceeding. Accordingly, whether the petition is construed as filed under § 2255 or § 2241, the case cannot

proceed in this court.[1]

## III. CONCLUSION

For the reasons set forth above, the court will dismiss Rivard's petition for emergency writ of habeas corpus in its entirety for lack of jurisdiction without issuing a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011). A separate order follows.

Jan 5, 2012
DATE

CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] Rivard has attached to his petition a document titled "Petition for a Writ of Mandamus," which essentially asks the court to issue the emergency habeas petition. (D.I. 1-1) Having concluded that there is no jurisdictional basis to grant Rivard's petition, the court will summarily deny the redundant petition for writ of mandamus as moot.

3